AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 20-mj-74 |
| INFORMATION ASSOCIATED WITH GOOGLE ACCT. ANTONIODEDARLENE0915@GMAIL.COM THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the _____ Northern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21:841(a)(1) | Possession with the intent to distribute heroin; and |
| 21:846 | Conspiracy to distribute and possess with the intent to distribute heroin. |

The application is based on these facts:

See Attached Affidavit

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Ryan Marten, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means)*.

Date: August 26, 2020 _____
*Judge's signature*

City and state: Baton Rouge, Louisiana Scott D. Johnson, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION FOR A SEARCH WARRANT FOR THE SEARCH OF INFORMATION ASSOCIATED WITH GOOGLE ACCOUNT ANTONIODEDARLENE0915@GMAIL. COM THAT IS STORED AT A PREMISES CONTROLLED BY GOOGLE | Magistrate No. 20-mj-  <br><br> **Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Ryan Marten, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises controlled by Google, Inc., an email provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google, Inc. to disclose to the government copies of the information (including the content of communications) further described in Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since September 2019. I am currently assigned to the FBI New Orleans Division at the Baton Rouge Resident Agency in Louisiana. Currently, I am working on the New Orleans Capitol Area

Gang Task Force investigating gangs, drugs, robberies, and other violent crimes in the Baton Rouge area. I have conducted investigations of, among other offenses, various drug distribution offenses in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of these investigations, I have conducted and participated in consensual monitoring and physical surveillance, surveillance of confidential informants, the introduction of confidential informants, debriefings of cooperating sources, and reviews of taped conversations. I have also reviewed electronic extractions from Google and Apple accounts. I know that these types of accounts back up location data, messaging data, and phone call history.

3.    Based on my training, education, and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, and the methods of payment for such drugs. In addition, I have conducted follow-up investigations concerning the concealment of assets, money, and bank records, and the identification of conspirators through the use of email accounts, telephone records, photographs, and bank checks, all as related to drug trafficking. I know that narcotics traffickers use cellular telephones to communicate with other co-conspirators and often have multiple phones. Narcotics traffickers will often frequently change phones used for illegal activity but will often keep one phone for long periods of time to keep in contact with family and friends. Since traffickers will typically carry a means of communication on their person or in their vehicle(s), this phone location information will likely lead investigators to new residences, stash houses, conspirators not yet identified and other leads which will further the investigation.

4.    I am also familiar with the ways in which drug traffickers conduct their business, including but not limited to their methods of importing and distributing drugs; their use of cellular telephones; and their use of numerical codes and code words to conduct their transactions.

- 2 -

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers, agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have been committed by Xitlaly Darlene RODRIGUEZ Guzman and other possible conspirators utilizing the Google Account associated with **ANTONIODEDARLENE0915@GMAIL.COM**. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes, as described in Attachment B.

## JURISDICTION

7.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## BACKGROUND INVESTIGATION

8.      In 2017 and 2018, the FBI Capital Area Gang Task Force conducted an investigation into the drug trafficking activities of the Gulf Cartel and its representative that was utilizing Baton Rouge to facilitate the trafficking of illegal narcotics nationwide. During this investigation, it was learned through the Confidential Informant ("CI")[1] that Norma Olivia Guzman Esparza, RODRIGUEZ's mother, was a part of the aforementioned organization who

---

[1] The CI is a reliable informant who has been working with the FBI since 2017. CI has conducted controlled drug purchases and provided information that resulted in drug seizures, arrests and the convictions for drug-related crimes. The CI's criminal history consists of an assault arrest in 1996.

operated primarily from Texas. The CI conducted a consensually monitored telephone call with Guzman, in which they discussed the purchase of methamphetamine. In 2017, the CI also met with Guzman in person and discussed the purchase of ten kilograms of cocaine.

9.    In 2019, the FBI Capital Area Gang Task Force opened an investigation on Guzman. Based on source reporting, surveillance and telephone toll analysis of Guzman's known telephones, Guzman has grown her drug distribution network and is reported to be trafficking narcotics for the Gulf Cartel and a Colombian Drug Trafficking Organization based out of Houston, Texas. Guzman operates and controls a large network of narcotics traffickers that are mostly comprised of her family, including her daughter, RODRIGUEZ and Colombian representatives. Guzman's network distributes kilogram quantities of narcotics throughout the southeastern United States, primarily from Texas to Georgia, including Baton Rouge, Louisiana. Guzman personally transports bulk drug shipments hidden in vehicles in which she travels with her daughter, RODRIGUEZ, and RODRIGUEZ's children, as a cover to thwart detection from law enforcement. Guzman also has been known to utilize a multiple vehicle caravan with narcotics being contained within one of the vehicles to distribute narcotics.

**PROBABLE CAUSE**

10.    On July 23, 2020, at the direction of law enforcement, the CI conducted a iconsensually monitored phone call with Guzman at (737) 881-4304. During the phone call, the Guzman agreed to sell the CI kilogram quantities of heroin. She arranged to deliver the heroin to the CI in Baton Rouge, Louisiana. During the time of this phone call, the location information for phone number (737) 881-4304 showed it to be at Guzman's residence, 2401 Holsten Hill Drive, Pflugerville,

Texas 78660. RODRIGUEZ lives at this residence as well. A 2016 GMC Sierra Denali[2] was observed at the residence at this time.

11.    On August 1, 2020, Guzman called the CI on a consensually monitored cell phone to inform the CI the heroin would be delivered on August 2, 2020. The CI relayed this information to the FBI. Based on the CI's information and location information from the ((737) 881-4304 phone pings, the FBI established physical surveillance of the Denali, which was later determined to have been driven by RODRIGUEZ, at 8:28 a.m. on August 2, 2020. That same morning, the FBI intercepted multiple phone calls with RODRIGUEZ, who was then using phone number 737-881-4304. On one of the calls, RODRIGUEZ explained that she had arrived in Baton Rouge but was waiting for the delivery vehicle to rendezvous with her. During the final call intercepted from RODRIGUEZ that day, she told the CI that the garage door of the residence needed to be opened and advised that they were on their way there. RODRIGUEZ also communicated with the drug couriers, Rodolfo Adame and Jose Rivera, via phone to arrange the rendezvous.

12.    At approximately 11:50 a.m., FBI agents observed a 2015 blue Toyota Corolla (driven by Adame and Rivera was the passenger) following closely behind a black Denali (driven by RODRIGUEZ) proceeded to 8522 Abertay Avenue, Baton Rouge, LA 70820, the residence arranged for the narcotics buy. The residence had been wired by an FBI Tech Agent to record audio and video surveillance. Per video surveillance, the Corolla entered the garage of the residence. After entering the garage, Adame and Rivera exited the vehicle and retrieved a gray five-gallon bucket from the trunk and took it inside the residence. The black Denali was observed parking in front of the residence and RODRIGUEZ was seen exiting from the vehicle and entering the residence.

---

[2] RODRIGUEZ has been seen driving this vehicle on multiple occasions in Baton Rouge and is commonly accompanied by Guzman.

13.    Shortly thereafter, law enforcement personnel converged on the residence and vehicles. Upon entering the residence, law enforcement observed the aforementioned subjects standing at the kitchen counter next to the gray five-gallon bucket. Specifically, RODRIGUEZ was standing at the kitchen counter holding approximately $35,000 in cash. Within the gray five-gallon bucket were nine rectangular shaped bricks and eight semi-sphere-shaped bricks, containing a light brown powdery substance, with a total package weight of approximately 9.5 kilograms. A presumptive field test was conducted that yielded a positive result for heroin.

14.    After securing the scene, all parties present at the narcotics buy were arrested. That same day, following her arrest and subsequent to her Miranda warning, RODRIGUEZ gave law enforcement consent to access her cell phone. She told agents that this phone was her personal phone. Based on her consent, law enforcement accessed her phone. In doing that, law enforcement was able to view RODRIGUEZ's phone settings, which showed that her phone was linked to the **ANTONIODEDARLENE0915@GMAIL.COM** account. Specifically, it was noted that the maps application on RODRIGUEZ's phone was linked to this account.

15.    While RODRIGUEZ has given FBI agents her consent to access her Google account linked to her **ANTONIODEDARLENE0915@GMAIL.COM** account, out of an abundance of caution this search warrant is sought.

16.    Based on the investigation to date, and my training and experience, there is probable cause to believe that evidence resides on the servers of Google of the subject offenses discussed in this Affidavit; namely that the Google account associated with the Gmail address **ANTONIODEDARLENE0915@GMAIL.COM.** The Google account for RODRIGUEZ will show a location timeline of where she has traveled since her device has been signed into the

- 6 -

account. This location information will show addresses where drug transactions occurred, routes taken to such meets, and the addresses for possible conspirators.

17.     A preservation request was sent to Google, pursuant to Title 18 United States Code, Section 2703(f) on August 14, 2020 for this data.

## BACKGROUND CONCERNING GOOGLE

18.     In my training and experience, and based on my review of Google's website, terms of service, and privacy policies, I have learned the following about Google.

19.     Google provides a variety of on-line services to the public. Some of the services include, Gmail, Google Talk, Google Wallet, Google+, Google+ Photos, contacts, calendar, web search, maps, location history, YouTube, Google+, Hangouts, and Google Drive. Gmail is a web-based email service. Google allows subscribers to obtain access for its services by registering for a "Google Account." A Google Account consists of a single username and password, and is uniquely associated with a Google email address at the domain name "gmail.com," like the email account listed in Attachment A, **ANTONIODEDARLENE0915@GMAIL.COM**. Once a subscriber has a Google Account, the subscriber can use that same username and password to sign in to any Google product. In other words, a Google Account username functions as a subscriber's username across all of Google.

20.     Google requires subscribers to provide certain personal identifying information when registering for an account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).

21. In my training and experience, Google typically retains certain transactional

information about the creation and use of each account on its system. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account.

22. In addition, email providers like Google often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account. Google also collects device-specific information (such as a subscriber's hardware model, operating system version, unique device identifiers, and mobile network information including phone number). Google may associate such device identifiers or phone number with a subscriber's Google Account. This information can also help to identify the device used to access a particular account.

23. Further, Google will collect and process a subscriber's location information when a subscriber uses Google services. Google can use a variety of information to determine location, including IP address, GPS, and other sensors that may, for example, provide Google with information on nearby devices, Wi-Fi access points and cell towers.

24. More generally, information stored in connection with a Google account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account.

- 8 -

This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as indicated, Google will typically log the Internet Protocol (IP) addresses from which users access an account, along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

25. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Google to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B.

- 9 -

Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## AUTHORIZATION REQUEST

26. Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Google, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## REQUEST FOR SEALING

27. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

Respectfully submitted,

Ryan Marten-Special Agent
Federal Bureau of Investigation

Affidavit submitted by email/PDF and attested to me as true and accurate by telephone consistent with Federal Rules of Criminal Procedure 4.1 and 41(d)(3) on the __26th__ day of August, 2020.

SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF LOUISIANA

## ATTACHMENT A

### Property to Be Searched

1. This warrant applies to information related to the Google Account **ANTONIODEDARLENE0915@GMAIL.COM** that is utilized by Xitlaly Darlene RODRIGUEZ Guzman and controlled by Google, Inc. which is headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## ATTACHMENT B

### Particular Things to be Seized

I.    **Information to be disclosed by Google, Inc. (the "Provider")**

1.    To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A for the time period from August 02, 2020 until present:

A.    Subscriber/registration information to include name, emails, phone numbers, addresses, account creation dates, account status, registration IP address, means and source of payment (including any credit or bank account numbers);

B.    Device identifiers (IMEI/MEID, serial number, SIM operator, cell operator, and model number, etc.), account identifiers, Android ID, Push Tokens and/or Device Tokens, etc. associated with the Account(s);

D.    Location history for all identified/associated Account(s), to include deleted information, derived from Global Positioning System (GPS) data, cell site/cell tower triangulation precision measurement information such as timing advance or per call measurement data, Wi-Fi location information, and Bluetooth location information. Such data shall include the GPS coordinates, the dates and times of all location recordings, origin of how the location recordings were obtained, and estimated radius;

I.    Google Map locations which are saved and/or frequent locations, favorite and/or starred locations including, but not limited to, searches conducted using the Google Map and/or Waze services;

## II.    Information to Be Seized by the Government

1. The information described above in Section I that constitutes evidence of violations of 21 U.S.C. §§ 841 (a)(1) and 846, for the time period of August 2, 2020 until present, for the account listed in Attachment A must pertain to the following matters:

    A.    The sale or distribution of controlled substances or other illegal narcotics.

    B.    Evidence indicating how and when the Google account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Google account owner(s).

    C.    Records relating to who created, used, or communicated with the Google account, including records about their identities and whereabouts.

    D.    Evidence indicating the Google account owner's or user's state of mind as it relates to the crime under investigation.

    E.    The identity of the person(s) who communicated with the Google account about matters relating to the sale and distribution of controlled substances or other illegal narcotics, including records that help reveal their whereabouts.

## III.    Search Procedure

1. The warrant will be executed under the Electronic Communications Privacy Act, in particular 18 U.S.C. § 2703(a), (b)(1)(A), and (c)(1)(A), and will require Google, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of this attachment.

2. During its review of the information received from Google, Inc. under this warrant, law enforcement will segregate the information into two groups:

    A.    Information that is responsive to the warrant and that the government may therefore seize; and

B.      Information that is not responsive to the warrant. This review will be performed within a reasonable amount of time not to exceed 180 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court.

3.  Information that is responsive to the warrant will be copied onto a separate storage device or medium. Responsive information may be used by law enforcement in the same manner as any other seized evidence. Information that is not responsive to the warrant will be sealed and stored on a secure medium or in a secure location. Nonresponsive information will not be reviewed again without further order of the Court (e.g., subsequent search warrant or order to unseal by the district court).

4.  The government will retain a complete copy of the information received from Google, Inc. for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.

5.  This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means          ☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Louisiana

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )    Case No.  20-mj-74 |
| INFORMATION ASSOCIATED WITH GOOGLE ACCT. | ) |
| ANTONIODEDARLENE0915@GMAIL.COM THAT IS | ) |
| STORED AT PREMISES CONTROLLED BY GOOGLE | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location):*

See Attachment "A"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See Attachment "B"

**YOU ARE COMMANDED** to execute this warrant on or before ___September 8, 2020___ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Scott D. Johnson_____ .
                                                                                          *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     August 26, 2020, at 9:32 AM          _____
                                                                                          *Judge's signature*

City and state:     Baton Rouge, Lousiana          Scott D. Johnson, Magistrate Judge
                                                                                          *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br> 20-mj-74 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

| **Certification** |
|---|

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## <u>ATTACHMENT A</u>

### Property to Be Searched

1. This warrant applies to information related to the Google Account
   **ANTONIODEDARLENE0915@GMAIL.COM** that is utilized by Xitlaly Darlene
   RODRIGUEZ Guzman and controlled by Google, Inc. which is headquartered at 1600
   Amphitheatre Parkway, Mountain View, California 94043.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Google, Inc. (the "Provider")**

1.    To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A for the time period from August 02, 2020 until present:

A.      Subscriber/registration information to include name, emails, phone numbers, addresses, account creation dates, account status, registration IP address, means and source of payment (including any credit or bank account numbers);

B.      Device identifiers (IMEI/MEID, serial number, SIM operator, cell operator, and model number, etc.), account identifiers, Android ID, Push Tokens and/or Device Tokens, etc. associated with the Account(s);

D.      Location history for all identified/associated Account(s), to include deleted information, derived from Global Positioning System (GPS) data, cell site/cell tower triangulation precision measurement information such as timing advance or per call measurement data, Wi-Fi location information, and Bluetooth location information. Such data shall include the GPS coordinates, the dates and times of all location recordings, origin of how the location recordings were obtained, and estimated radius;

I.      Google Map locations which are saved and/or frequent locations, favorite and/or starred locations including, but not limited to, searches conducted using the Google Map and/or Waze services;

## II.     Information to Be Seized by the Government

1.  The information described above in Section I that constitutes evidence of violations of 21 U.S.C. §§ 841 (a)(1) and 846, for the time period of August 2, 2020 until present, for the account listed in Attachment A must pertain to the following matters:

    A.     The sale or distribution of controlled substances or other illegal narcotics.

    B.     Evidence indicating how and when the Google account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Google account owner(s).

    C.     Records relating to who created, used, or communicated with the Google account, including records about their identities and whereabouts.

    D.     Evidence indicating the Google account owner's or user's state of mind as it relates to the crime under investigation.

    E.     The identity of the person(s) who communicated with the Google account about matters relating to the sale and distribution of controlled substances or other illegal narcotics, including records that help reveal their whereabouts.

## III.    Search Procedure

1.  The warrant will be executed under the Electronic Communications Privacy Act, in particular 18 U.S.C. § 2703(a), (b)(1)(A), and (c)(1)(A), and will require Google, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of this attachment.

2.  During its review of the information received from Google, Inc. under this warrant, law enforcement will segregate the information into two groups:

    A.     Information that is responsive to the warrant and that the government may therefore seize; and

B.     Information that is not responsive to the warrant. This review will be performed within a reasonable amount of time not to exceed 180 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court.

3.  Information that is responsive to the warrant will be copied onto a separate storage device or medium. Responsive information may be used by law enforcement in the same manner as any other seized evidence. Information that is not responsive to the warrant will be sealed and stored on a secure medium or in a secure location. Nonresponsive information will not be reviewed again without further order of the Court (e.g., subsequent search warrant or order to unseal by the district court).

4.  The government will retain a complete copy of the information received from Google, Inc. for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.

5.  This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.